# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CINDY BURTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:99–CV:0305–G |
| | § | |
| WYETH-AYERST LABORATORIES | § | |
| DIVISION OF AMERICAN HOME | § | ECF |
| PRODUCTS CORPORATION, ET AL., | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT
## WYETH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Cindy Burton, responds to Defendant's motion for partial summary judgment, as follows:

### 1.    Introduction

Wyeth has moved for partial summary judgment on three theories of liability: (1) Ms. Burton's claim of "exercise-induced" pulmonary arterial hypertension (PAH); (2) negligence *per se*; and (3) conspiracy.  With regard to the last two grounds, Ms. Burton withdraws and abandons her claims for negligence *per se* and conspiracy.  With regard to the first ground, Wyeth has failed to show its entitlement to summary judgment and fact issues remain.  For that reason, the motion should be denied.

### 2.    There is no merit in Wyeth's motion for partial summary judgment on "exercise-induced" PAH.

As a preliminary matter, Ms. Burton never made a claim for "exercise-induced" PAH. That is Wyeth's term. Wyeth uses the term because Ms. Burton's PAH is diagnosed on

exercise. Moreover, there are volumes of scientific studies that demonstrate that Wyeth's diet drugs cause PAH—and none of those studies makes the artificial distinction that Wyeth attempts to make in its motion.

In this case, there is no dispute that the medical and scientific community has reached a "consensus definition" of PAH. There is no dispute about this because even the Defendant's experts use that definition. That definition provides for a diagnosis on exercise, as Ms. Burton's diagnosis was. There is no dispute that Ms. Burton fits within the "consensus definition" of PAH. And, as stated, there are volumes of studies that conclude that PAH is caused by Ms. Burton's use of Wyeth's diet drugs. Those studies are reliable evidence of causation under *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 720 (Tex. 1997). Wyeth improperly attempts to "reanalyze" or "dissect" those studies to reach a different conclusion than the studies' authors. *Havner* rejects that approach. *Id.*

Thus, because there is sufficient evidence that Ms. Burton's PAH was caused by her ingestion of Wyeth's diet drugs, Wyeth's motion is without merit and should be denied.

## CONCLUSION

Ms. Burton's claims for negligence *per se* and conspiracy—alleged by Ms. Burton's prior counsel—are withdrawn and abandoned. As is set forth in the accompanying brief, Wyeth's first ground for summary judgment—based on its "exercise-induced" distinction—is without merit and should be denied.

Respectfully submitted,

THE HOLMAN LAW FIRM, P.C.


  *s/  David W. Holman*
David W. Holman
Texas Bar No. 09902500
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone     713.400.4840
Facsimile     713.400.4841

LAW OFFICE OF RAYMOND VALORI

Raymond Valori
Florida Bar No. 33200
2665 Executive Park Drive, Suite 3
Weston, Florida 33331
Telephone     954.467.6400
Facsimile     954.670.2530

THE LAW OFFICES OF FREEDLAND,
FARMER, RUSSO & SHELLER

Michael Freedland
Florida Bar No. 128988
2665 Executive Park Drive, Suite 3
Weston, Florida 33331
Telephone     954.467.6400
Facsimile     954.670.2530

SHELLER, LUDWIG & SHELLER

Steve Sheller
1528 Walnut Street, 3d Floor
Philadelphia, Pennsylvania 19102
Telephone     215.790.7300
Facsimile     215.546.0942

THE MCLARTY FIRM, P.C.

Mary Alice McLarty
Texas Bar No. 13740450
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone     972.974.9883
Facsimile     972.774.9889

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2007, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals:

Mr. David J. Duke
Mr. Kenneth J. Ferguson
CLARK, THOMAS & WINTERS, P.C.
P. O. Box 1148
Austin, Texas   78767
Telephone 512.472.8800     Facsimile512.474.1129
*Counsel for Defendant, Wyeth*

Mr. David P. Stone
HARTLINE, DACUS, BARGER, DRYER & KERN
6688 N. Central Expressway, Suite 1000
Dallas, Texas   75206
Telephone 214.346.3705     Facsimile 214.369.2118
*Counsel for Defendant, Eckerd Drugs*

  _s/  David W. Holman_____
David W. Holman